UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JANE DOE (A.A.M.),** | Civil Action No. 24-cv-11502 (ES) (CLW) |
| *Plaintiff,* | **OPINION** |
| v. | |
| **WYNDHAM HOTELS & RESORTS, INC.,** *et al.*, | |
| *Defendants.* | |

**CATHY L. WALDOR, U.S.M.J.**

### I. INTRODUCTION

This matter comes before the Court on the motion to stay discovery by Defendants Hotel OM Sai Ram LLC d/b/a Days Inn and Ashvin Kumar Patel (together, the "Hotel OM Defendants"). (ECF No. 82). The Court construes this motion (the "Motion") as a motion for reconsideration of the undersigned's verbal order during the initial pretrial conference on June 2, 2025 denying the same. In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves the Hotel OM Defendants' application without oral argument. Upon careful consideration of the record for this matter, the Motion is **denied**.

### II. BACKGROUND

On December 30, 2024, Plaintiff filed this lawsuit seeking compensation for harm she suffered as a result of alleged sex trafficking she endured at Days Inn hotels owned, operated, maintained, and controlled by Defendants and their agents and employees. (Compl. ¶ 1, ECF No. 1). On February 25, 2025, Defendants Days Inn Worldwide, Inc. and Wyndham Hotels & Resorts, Inc. filed a motion to dismiss. (ECF No. 23). On April 22, 2025, the Hotel OM Defendants filed

a motion to dismiss. (ECF No. 65). Defendant SG Hospitality filed a motion to dismiss on April 25, 2025. (ECF No. 67). On June 20, 2025, Defendants D. Laxmi, Inc. and Ashvin Kumar Patel filed a motion to dismiss for lack of jurisdiction. (ECF No. 86).

On June 2, 2025, the parties appeared before the undersigned for an initial pretrial conference pursuant to Federal Rule of Civil Procedure 16. During the conference, the Hotel OM Defendants requested that all discovery relating to such Defendants be stayed while their motion to dismiss is pending. (Decl. of Brian T. Noel ¶ 6, ECF No. 82-1). For the purposes of efficient case management, in the interest of justice, and for good cause shown, the Court orally denied the request. (*Id.*). The Court subsequently entered a Pretrial Scheduling Order setting forth discovery and case management deadlines. (ECF No. 81). On June 12, 2025, the Hotel OM Defendants filed the Motion at hand, again requesting to stay discovery pending the outcome of their motion to dismiss. On June 16, 2025, this Court stated that it would construe the Motion as a motion for reconsideration of the undersigned's verbal order denying the stay during the initial pretrial conference. (6/16/25 Text Order, ECF No. 83).

The Hotel OM Defendants argue that discovery should be stayed for four reasons: "(1) Plaintiff is not disadvantaged or prejudiced by a stay of discovery, (2) the Hotel OM Defendants would suffer hardship, in the form of lost time and financial resources, if they are required to move forward with substantial discovery while their motion to dismiss remains pending, (3) granting a stay of discovery simplifies the issues because it may eliminate the need for discovery altogether, and (4) a stay at this stage of the proceedings will not complicate the litigation because discovery is just beginning, discovery is open through June 1, 2026, and no trial date has been set." (Motion at 2, ECF No. 82-3).

Plaintiff opposes the discovery stay for four reasons. First, Plaintiff states it would be prejudiced because discovery delays "frustrate efficient case management and invite unnecessary piecemeal litigation." (Pl. Opp. at 3, ECF No. 88). Moreover, because Plaintiff is litigating against multiple Defendants, Plaintiff submits that staying discovery as to one set of Defendants "complicates coordination, increases costs and duplicates efforts." (*Id.*). Second, Plaintiff asserts that the Hotel OM Defendants' "claims of hardship are indistinguishable from those routinely faced by litigants subject to discovery." (*Id.*). Third, Plaintiff argues that the Hotel OM Defendants' assertion that a stay might "'simplify the issues' is entirely speculative." (*Id.*). Fourth, Plaintiff submits that the Court already rejected the Hotel OM Defendants' request to stay discovery and "repeating the same analysis in a formal motion does not alter the analysis." (*Id.*).

### III.   LEGAL STANDARD

#### A. Motion for Reconsideration

"[R]econsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, No. 03-cv-3988 (WJM), 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d. 482, 507 (D.N.J. 2002)). Local Civil Rule 7.1(i) requires that the party moving for reconsideration set forth "the matter or controlling decisions which the party believes the Judge has overlooked." Accordingly, there are three grounds for relief on a motion for reconsideration: "'(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.'" *Id*. (citing *Database Am., Inc. v. Bellsouth Adver. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993); *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "Mere disagreement with the Court's decision does not suffice." *ABS Brokerage Servs., LLC v. Penson Fin. Servs.*, No. 09-cv-

4590 (DRD), 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (quoting *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). A party seeking reconsideration thus faces a "high burden." *Id*. at *5. Litigants "cannot use a motion for reconsideration to rehash issues and arguments that have been ruled upon." *Kahan v. Slippery Rock Univ. of Pa.*, No. 12-cv-407 (JFC), 2014 WL 7015735, at *32 (W.D. Pa. Dec. 11, 2014) (citing *Keyes v. National R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. Apr. 4, 1991)). Instead, and "as the language of Rule 7.1(i) implies, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." *Shanahan v. Diocese of Camden*, No. 12-cv-2898 (NLH), 2014 WL 1217859, at *2 (D.N.J. Mar. 21, 2014) (quoting *A & L Indus., Inc. v. P. Cipollini, Inc.*, No. 12-cv-7598 (SRC), 2013 WL 6145766, at *1 (D.N.J. Nov. 21, 2013)) (cleaned up).

### B. Motion to Stay Discovery

"It is well-established that 'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Depomed Inc. v. Purdue Pharma L.P.*, No. 13-cv-571 (JAP), 2014 WL 3729349, at *2 (D.N.J. July 25, 2014) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254, (1936)); *accord Clinton v. Jones*, 520 U.S. 681, 706, (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "The mere filing of a motion to dismiss does not stay discovery." *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019). Courts generally weigh a number of factors in determining whether to grant a stay including: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify

the issue and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set." *Id.* (citing *Jackson v. Trump Entrainment Resorts, Inc.*, No. 13-cv-1605 (JHR)(JS), 2015 WL 13637411, at *4 (D.N.J. Feb. 11, 2015)). Courts conducting a stay analysis must also be "mindful that the stay of a civil proceeding constitutes 'an extraordinary remedy'" and that the party seeking a stay bears the burden of establishing its propriety. *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 445–46 (D.N.J. 2014) (quoting *Walsh Sec., Inc. v. Cristo Prop. Mgmt. Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998)).

## IV.     ANALYSIS

The Court is not persuaded that it committed any clear errors of law or fact to substantiate reconsideration of its denial to stay discovery related to the Hotel OM Defendants pending a ruling on their motion to dismiss. The Hotel OM Defendants have not identified a change in controlling law regarding a stay of discovery while a motion to dismiss is proceeding, uncovered new evidence, or shown that reconsideration is necessary to prevent manifest injustice. *ABS Brokerage*, 2010 WL 3257992, at *6. Rather, the Hotel OM Defendants disagree with the Court's decision instructing all parties to proceed with discovery. They submit that the four factors generally considered in determining whether to grant a motion to stay weigh in favor of their position. (*See* Motion at 3-7, ECF No. 82-3). Nonetheless, merely filing a motion to dismiss does not stay discovery, *Udeen*, 378 F. Supp. 3d at 332, and "matters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982); *see also Coyle v. Hornell Brewing Co.*, No. 08-cv-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) ("In discovery disputes, the Magistrate Judge exercises broad discretion and is entitled to great deference.") (citations omitted); *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. Dec. 11, 2007) ("Magistrate Judges have broad

5

discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion.") (citations omitted).  In verbally denying the Hotel OM Defendants' request to stay discovery during the initial conference on June 2, 2025, this Court considered the relevant factors and determined that the request should be denied.  Thus, the Motion at hand appears "to rehash issues and arguments that have been ruled upon." *Kahan*, 2014 WL 7015735, at *32.  The Hotel OM Defendants disagree with the Court's analysis, but this opposition alone "does not suffice" to overturn the Court's decision.  *ABS Brokerage*, 2010 WL 3257992, at *6.  Accordingly, the Hotel OM Defendants' request for reconsideration of this Court's denial to stay discovery until their motion to dismiss is decided does not meet the "high burden" necessary to justify reconsideration.  *Id.* at *5-6.

V.  **CONCLUSION**

For the reasons stated, the Hotel OM Defendants' motion to stay, which the Court construes as a motion for reconsideration, (ECF No. 82), is **denied**.  The Court takes no position regarding the merits of any of the Defendants' respective motions to dismiss.  However, in the interest of justice and judicial efficiency, and for good cause shown, the Court finds that the parties shall proceed with discovery while such motions are pending, pursuant to the Pretrial Scheduling Order dated June 2, 2025.  (ECF No. 81).  An appropriate order follows.

**Dated: July 11, 2025**

*s/ Cathy L. Waldor*
**Hon. Cathy L. Waldor, U.S.M.J.**

cc:  Hon. Esther Salas, U.S.D.J.